STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. CV-05-307

UTOPIAN HOMES, INC.

          Plaintiff

          v.                                      ORDER ON THIRD-
                                                  PARTY DEFENDANT'S
                                                  MOTION TO DISMISS

SHAWN and KRISTEN
WALKER

          Defendants/
          Third-party plaintiffs

          v.

TODD ERICKSON

          Third-party defendant


          Before the court is third party defendant Todd Erickson's ("Mr. Erickson")

motion to dismiss Defendant/Third Party Plaintiffs Shawn and Kristen Walker's

("the Walkers") claims against him in his individual capacity.


                          **STATEMENT OF FACTS**

          In late September, 2004, Utopian Homes, Inc. ("Utopian") was engaged by

the Walkers to perform substantial renovations to their home.  At some point in

January or February of 2005, the relationship between the parties broke down,

and work on the house stopped.

          On February 4, 2005, Utopian filed a mechanic's lien on the Walkers'

house.  Thereafter, on May 25, 2005, Utopian filed a 12-count complaint against

the Walkers, including claims for breach of contract, fraud and

misrepresentation, slander and libel, interference with advantageous business

relations, unfair and deceptive trade practices, unjust enrichment, and quantum meruit.

The Walkers answered Utopian's complaint on June 6, 2005 and included with their answer an eight-count counterclaim against Utopian and a separate third-party complaint against Mr. Erickson individually, who is the principal of Utopian.[1] The Walkers claim breach of contract, and violations of the Home Construction Contract Act against Utopian alone, but they claim negligence, breach of warranty, fraud, violations of the Unfair Trade Practices Act and trespass against both Utopian and Mr. Erickson.

On July 12, 2005, Mr. Erickson filed a motion to dismiss the Walkers' third-party claims against him in his individual capacity, asserting that he has no personal interest in this matter. On July 26, 2005, the Walkers filed a memorandum in opposition, arguing that the claims against Mr. Erickson allege personal tortious conduct for which the Walkers can hold him personally liable, and that Mr. Erickson's motion to dismiss disputes only the factual allegations in their third-party complaint, not their legal sufficiency.

## STANDARD OF REVIEW

When a court decides a motion to dismiss made pursuant to M.R. Civ. P. 12(b)(6), the material allegations of the complaint must be taken as admitted. *Moody v. State Liquor & Lottery Com'n*, 2004 ME 20, ¶ 7, 843 A.2d 43, 47. A dismissal should only occur when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his

---

[1] Count VII of the Walkers' counterclaim claims intentional infliction of emotional distress, based on alleged threats made by Lisa Erickson, and not overtly linked to either Utopian or Mr. Erickson. Lisa Erickson, however, is not a named third-party defendant, so it is unclear how or if the Walkers intend to pursue this claim against her.

claim. *Id.*

I. Negligence

The Walkers claim that Mr. Erickson personally owed a duty to them to exercise reasonable care not to damage their property when performing work at their home, and that he breached this duty by not exercising reasonable care, thus damaging the Walkers' property, including their electrical, heating and plumbing systems. The Walkers assert that they can sustain a claim against Mr. Erickson for these damages, citing *County Forest Products, Inc. v. Green Mountain Agency, Inc.*, 2000 ME 161, ¶ 43; 758 A.2d 59, 69, because "an agent can always be held personally liable for his own negligence under ordinary torts principles."

It is certainly true that an agent can be held personally liable for his own negligence when that conduct results in personal injury. *See Restatement Second of Torts*, § 350, Reporters Notes ("when an agent acts affirmatively and causes physical harm, the rule is clear that the fact that he is acting as an agent does not relieve him from liability.")

Here, the Walkers assert a tort claim for pecuniary losses sustained while Mr. Erickson was performing services for them under their construction contract with Utopian. *See* Third Party Complaint, ¶¶5-6. Mere unsatisfactory performance of a services contract does not render the agent performing under the contract personally liable. *See Restatement, 2d of Agency*, § 350, illustrations (in which the agent's negligence is always with respect to a non-contracting third party.) An agent can only be personally liable for his negligent acts if the damage done is outside of the scope of the contract. *See id., see also Frost v. Drew*, 586 A.2d at 1242 (in which the Law Court found that a jury rationally awarded damages against a defendant corporation only and not its sole shareholder,

director, and officer, for negligent construction of a house.) The Walkers' claim under this count appears to allege at least some damage to property outside of the scope of the services contract they entered into with Utopian. *See* Affidavit of Shawn Walker, ¶¶ 8 and 14[2]. To the extent that the damage sustained by the Walkers in this context was outside of the scope of their contract with Utopian, they may sustain a claim against Mr. Erickson personally. *See Frost v. Drew*, 586 A.2d at 1242; *Restatement, 2d of Agency*, § 350, Reporters Notes.

Accordingly, the third-party defendant Todd Erickson's motion to dismiss Count I of third-party plaintiffs' complaint, for negligence, is denied.

## II. Breach of Warranty

The Walkers claim that Mr. Erickson made, and then breached express warranties he had made (1) that he had experience working in fine homes and would not damage their property, (2) that he was a licensed plumber and electrician, (3) that he was insured, and (4) that he would be able to complete the agreed-upon work in a competent and timely manner. The Walkers also claim that Mr. Erickson breached an implied warranty to complete his work in a workmanlike fashion.

However, the warranties, both express and implied, which the Walkers allege were breached, relate to the contract that the Walkers entered into with Utopian. The Walkers do not claim that Mr. Erickson failed to disclose Utopian as the contracting party. The Walkers also do not assert that Utopian is an alter

---

[2] ¶ 8 states in part:
> On the night of November 4/5, 2005, the roof was negligently protected from rain. After the water was allowed into the House on the night of November 4, several rooms suffered substantial water damage causing one ceiling to collapse.

¶ 14 states in part:
> Erickson and his men caused additional damage. They include scrapes on the exterior siding from ladders that is not repairable, multiple marks on recently painted walls, and two damaged, and now missing, radiators.

ego for Mr. Erickson such that he should be held personally liable on their contract claims against Utopian. Finally, the Walkers do not assert that Mr. Erickson was not acting as an authorized agent of Utopian in his dealings with them.

The Restatement, 2nd, of Agency, § 328, states: "An agent, by making a contract on behalf of a competent disclosed principal whom he has power so to bind, does not thereby become liable for its nonperformance." The warranties expressed by Mr. Erickson clearly concern the performance of Utopian's services under the contract, and thus, Mr. Erickson, as Utopian's agent, may not be held personally liable for the nonperformance of any express warranties under it.

Concerning the implied warranties, 17A Am. Jur. 2d § 612 states in part, "A *contracting party* may be bound by the terms of the contract to perform it in a good and workmanlike manner. . . as a general rule. . . there is implied in every contract for work or services a duty to perform skillfully, carefully, diligently, and in a workmanlike manner." (emphasis added.) As stated above, the "contracting party" here is Utopian, and the Walkers have made no allegations to the contrary.

Accordingly, the third-party defendant Todd Erickson's motion to dismiss Count II of third-party plaintiffs' complaint, for breach of express and implied warranties, is granted.

III. Fraud

The Walkers claim that Mr. Erickson made false statements to them with respect to his experience and licensing, with the intent of inducing them to enter into contracts with Utopian. Restatement of Agency, 2d § 348 states, "An agent who fraudulently makes representations. . . is subject to liability in tort to the

injured person although the fraud. . . occurs in a transaction on behalf of the principal." Thus, even as an authorized agent of Utopian, Mr. Erickson can be held personally liable for fraudulent representations.

Accordingly, the third-party defendant Todd Erickson's motion to dismiss Count III of third-party plaintiffs' complaint, for fraud, is denied.

IV. Violations of the Unfair Trade Practices Act

The Walkers allege that Mr. Erickson engaged in unfair and deceptive trade practices, including written and oral threats to the Walkers, breaking into the Walkers' house, asserting a mechanic's lien with an inflated sum, attempting to add change orders inflating the value of the job after being asked to leave the job, making false and defamatory statements to other contractors and finance companies, making false and defamatory statements to Shawn Walker's employer in order to retaliate against him, and shoddy workmanship.

The Unfair Trade Practices Act, 5 M.R.S.A. §§205A – 214, declares unfair and deceptive acts or practices in the conduct of any trade or commerce unlawful. Among the actions which the Walkers cite as violations of the Unfair Trade Practices Act are intentional torts from which Mr. Erickson's status as an agent would not shield him.

Accordingly, the third-party defendant Todd Erickson's motion to dismiss Count IV of third-party plaintiffs' complaint, for violations of the Unfair Trade Practices Act, is denied.

V. Trespass

The Walkers claim that Mr. Erickson intentionally entered their house without permission, breaking and damaging the door, door frame, and molding.

These facts allege a claim for trespass that is sustainable against Mr. Erickson individually. Restatement of Agency, § 348A, states: "An agent who enters the land of another is not relieved from liability for trespass by the fact that he acted on account of the principal and reasonably believed that the principal had possession or the right to possession of the land, or the right to authorize the agent to enter." Thus, the Walkers could sustain a claim for trespass against Mr. Erickson individually even had they not alleged his intent to enter without permission, which they have.

Accordingly, the third-party defendant Todd Erickson's motion to dismiss Count V of third-party plaintiffs' complaint, for trespass, is denied.

The entry is:

> Third-party defendant Todd Erickson's motion to dismiss as to Count II (breach of warranty) of third-party plaintiffs' complaint is GRANTED and as to Counts I (negligence), III (fraud), IV (UTPA violations) and V (trespass) is DENIED.

Dated at Portland, Maine this __16th__ day of __September__, 2005.

Robert E. Crowley
Justice, Superior Court

UTOPIAN HOMES INC - PLAINTIFF

Attorney for: UTOPIAN HOMES INC
NEAL WEINSTEIN  - RETAINED 05/25/2005
LAW OFFICES NEAL WEINSTEIN
32 SACO AVENUE
PO BOX 660
OLD ORCHARD BEACH ME 04064-0660

Attorney for: UTOPIAN HOMES INC
LANCE E WALKER  - RETAINED 08/24/2005
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112


vs
SHAWN WALKER  - DEFENDANT

Attorney for: SHAWN WALKER
THOMAS MCKEON  - RETAINED 06/06/2005
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545

Attorney for: SHAWN WALKER
WILLIAM KELLEHER  - RETAINED 07/27/2005
OFFICE OF WILLIAM J KELLEHER
7 EAST CRESCENT STREET
AUGUSTA ME 04330

KRISTIN WALKER  - DEFENDANT

Attorney for: KRISTIN WALKER
THOMAS MCKEON  - RETAINED 06/06/2005
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545

Attorney for: KRISTIN WALKER
WILLIAM KELLEHER  - RETAINED 07/27/2005
OFFICE OF WILLIAM J KELLEHER
7 EAST CRESCENT STREET
AUGUSTA ME 04330

JOSEPH D'ANDREA  - DEFENDANT
WILLIAM D DOBROWOLSKI  - PARTIES IN INTEREST
DOWNEAST MORTGAGE CORP-DISMISSED - PARTIES IN INTEREST
CREATIVE LENDING SOLUTIONS INC-DISMISSED - PARTIES IN INTEREST
JALAI REZA  - PARTIES IN INTEREST
TODD ERICKSON  - THIRD PARTY DEFENDANT

Attorney for: TODD ERICKSON

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CV-2005-00307


**DOCKET RECORD**

NEAL WEINSTEIN  - RETAINED 06/22/2005
LAW OFFICES NEAL WEINSTEIN
32 SACO AVENUE
PO BOX 660
OLD ORCHARD BEACH ME 04064-0660


Attorney for: TODD ERICKSON
LANCE E WALKER  - RETAINED 08/24/2005
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112


COUNTRYWIDE HOME LOANS INC - PARTIES IN INTEREST


Attorney for: COUNTRYWIDE HOME LOANS INC
WILLIAM LEETE  - RETAINED 09/02/2005
LEETE & LEMIEUX
95 EXHANGE STREET
PO BOX 7740
PORTLAND ME 04112



Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 05/25/2005

## Docket Events:

05/25/2005 FILING DOCUMENT - COMPLAINT FILED ON 05/25/2005

05/26/2005 Party(s):  UTOPIAN HOMES INC
           ATTORNEY - RETAINED ENTERED ON 05/25/2005
           Plaintiff's Attorney: NEAL WEINSTEIN

06/01/2005 Party(s):  UTOPIAN HOMES INC
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 06/01/2005

06/01/2005 Party(s):  UTOPIAN HOMES INC
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/26/2005
           UPON DEFENDANT KRISTIN WALKER (JW)

06/01/2005 Party(s):  UTOPIAN HOMES INC
           SUMMONS/SERVICE - PROOF OF SERVICE FILED ON 06/01/2005

06/01/2005 Party(s):  UTOPIAN HOMES INC
           SUMMONS/SERVICE - PROOF OF SERVICE SERVED ON 05/26/2005
           UPON DEFENDANT SHAWN WALKER TO KRISTIN WALKER (JW)

06/06/2005 Party(s):  SHAWN WALKER
           ATTORNEY - RETAINED ENTERED ON 06/06/2005
           Defendant's Attorney: THOMAS MCKEON

           Party(s):  KRISTIN WALKER
           ATTORNEY - RETAINED ENTERED ON 06/06/2005